UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE EUGENE CROSS,<br>Petitioner,<br>v.<br>CALIFORNIA SUPREME COURT<br>Respondent. | Case No. 2:25-cv-2682-DJC-JDP (P)<br><br>ORDER TO SHOW CAUSE |

On February 9, 2026, I directed petitioner to file an amended petition within thirty days of my order's entry. ECF No. 20. That deadline has passed, and petitioner has not complied with, or otherwise responded to, my order.[1]

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure

[1] In the interim, petitioner did appeal an order from the district judge adopting my findings and recommendations that his motions for preliminary injunction and summary judgment be denied. ECF Nos. 20, 23, 24. That appeal was dismissed. ECF No. 28.

to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

I will give petitioner a chance to explain why the court should not dismiss the case for his failure to comply with my order. Petitioner's failure to respond to this order will constitute another failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, petitioner is ordered to show cause within fourteen days why this case should not be dismissed for failure to prosecute, failure to comply with court orders, and failure to state a claim. Should petitioner wish to continue with this lawsuit, he shall file, within fourteen days, either his amended petition or a notice of voluntary dismissal.

Additionally, petitioner's motion for clarification, ECF No. 27, that, as best I can tell, does not actually seek clarification of any order, is denied. Therein, petitioner raises various disagreements he has with this court's rulings. *Id.* at 2-3. The motion is denied because petitioner does not provide any cogent basis for reconsideration of any of the orders in this case.

Accordingly, it is ORDERED that:

1. Within fourteen days of this order's entry, petitioner shall show cause why this action should not be dismissed for failure to prosecute. If he wishes to pursue this case, he must file, also within fourteen days, an amended petition that complies with the directions in my order, ECF No. 20.

2. Petitioner's motion for clarification, ECF No. 27, is DENIED.

IT IS SO ORDERED.

Dated: July 21, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE