UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE EUGENE CROSS,<br>Petitioner,<br>v.<br>CALIFORNIA SUPREME COURT,<br>Respondent. | Case No. 2:25-cv-2682-DJC-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, filed this section 2254 action seeking federal habeas relief on September 11, 2025. ECF No. 1. After review of the initial petition, I found that the claims were non-cognizable because the petition was effectively impossible to understand and did not explain how many claims were at issue, or the particulars of those claims. ECF No. 20 at 1. I gave petitioner leave to amend, and he has filed an amended petition, ECF No. 33. After review of that petition, I find that the same deficiency remains, and I now recommend that this action be dismissed for failure to state a cognizable federal habeas claim.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the

petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As an initial matter, petitioner has ignored my explicit instruction to submit his amended petition on the form enclosed with my order dismissing the original and granting him leave to amend. ECF No. 20 at 2. The purpose of that instruction was the avoidance of a filing like the amended petition. It remains disorganized and difficult to understand. I cannot tell how many claims are at issue, whether the claims have been exhausted, or whether they are timely. Petitioner references a parole hearing occurring in 2023 that was "bogus" and, on the same page, claims he is actually innocent. ECF No. 33 at 7. The petition is silent as to the specifics of both claims (assuming they are intended as active claims). Earlier in the petition, petitioner references events that occurred in 2002, possibly when the relevant charges were first brought against him. *Id.* at 5. Bluntly, neither I nor any possible respondent could reasonably be expected to understand the scope and nature of the claims petitioner is attempting to raise.

I have already offered petitioner an opportunity to amend and his amended petition retains the same deficiencies as the first. Based on that persistence, I find that further leave to amend is unwarranted.

Accordingly, it is ORDERED that petitioner's request for copies, ECF No. 32, is DENIED because his request for copies of an "amended order" is insufficiently specific.

Further, it is RECOMMENDED that the amended petition, ECF No. 33, be DISMISSED without leave to amend for failure to state a cognizable federal habeas claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).

IT IS SO ORDERED.

Dated: September 4, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE